Brian K. Condon (BC 4683)
Condon Paxos PLLC
Attorneys for Plaintiff
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
Telephone: (845) 627-8500
Fax: (845) 627-8507
Brian@CondonPaxos.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NARESH KUMAR,

                               Plaintiff,

      -against-

JATIN BABULAL PRAJAPATI,
HARDIK KUMAR PATEL,
HPJPA REALTY, LLC and
RIVER SMOKE SHOP,

                          Defendants.
-----------------------------------------------------------------X

Civil Action No.

**VERIFIED COMPLAINT**

Plaintiff, Naresh Kumar, ("Plaintiff") by and through his attorneys, Condon Paxos, PLLC, for his Verified Complaint against Defendants Jatin Babulal Prajapati ("Jatin"), Hardik Kumar Patel ("Hardik"), HPJPA Realty, LLC ("HPJPA") and RIVER SMOKE SHOP ("Smoke Shop") (collectively, the "Defendants"), alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over the above-captioned action (the "Action") pursuant to 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

-1-

**VENUE**

2. The venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

3. Plaintiff is, and, at all times relevant to this Action, was a resident of the State of New York, regularly conducting business and transacting business in the State of New York.

4. Upon information and belief, Jatin is, and, at all times relevant to this Action, was a resident of the State of Pennsylvania, specifically Luzerne County, Pennsylvania.

5. Upon information and belief, Hardik, is, and, at all times relevant to this Action, was a resident of the State of Pennsylvania, specifically Luzerne County, Pennsylvania.

6. Upon information and belief, HPJPA is, and, at all times relevant to this Action, was a corporation organized and existing under the laws of the State of Pennyslvania, with its principal place of business located at 1441 North River Road, Plains, Pennsylvania 18705.

7. Upon information and belief, Smoke Shop is, and, at all times relevant to this Action, was a corporation organized and existing under the laws of the State of Pennyslvania, with its principal place of business located at 1441 North River Road, Plains, Pennsylvania 18705.

**FACTUAL BACKGROUND**

7. On or about March 22, 2024, Plaintiff loaned Jatin, Hardik and HPJPA the total sum of $80,000 (the "Loan").

8. The purpose of the Loan was so the Defendants could open a business at 1441 North River Street, Plains, Pennsylvania 18705 (the "Business Premises").

9. To secure the Loan, the Defendants executed a Note and an Agreement to evidence that Loan.

10. $3,500 a month and they never paid him. Paid you $7,000.00 In addition, the Defendants executed a Security Agreement for the business assets of HPJPA, which were being used as collateral for the Loan at the Business Premises.

11. Furthermore, on March 22, 2024, a UCC-1 Lien was placed on HPJPA's business assets to secure the Loan by Kevin M. Walsh, Esq. an attorney who was hired to do so by Plaintiff.

12. No assets at the Business Premises were to be assigned, used as collateral or sold until the $80,000 Loan was repaid to Plaintiff in full.

13. Upon information and belief, the Defendant, HPJPA, sold the business, including the Business Assets, without paying any part of the $80,000 Loan to Plaintiff.

14. At some time after March 22, 2024, the Defendants sold the assets to River Smoke Shop who now, upon information and belief, operates at the Business Premises.

15. The Defendants have failed, and continue to fail, to pay Plaintiff any part of the $80,000 Loan.

## COUNT I
(Breach of Contract against Jatin, Hardik and HPJPA)

16. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 thorough 14 of this Verified Complaint as if fully set forth herein.

17. Plaintiff and the Defendants Jatin, Hardik and HPJPA entered into the Note, Security Agreement and UCC-1 Financing Statement (the "Loan Documents").

18. The Loan Documents were valid and enforceable.

19. Defendants HPJPA failed to pay Plaintiff any part of the Loan.

20. Defendants Jatin and Hardik failed to pay the Plaintiff any part of the Loan pursuant to the Security Agreement.

21. Knowing that payment to Plaintiff has not been made on the Loan, the Defendants, upon information and belief, sold the encumbered assets to Smoke Shop without having any part of the Loan paid.

22. For the foregoing reasons, the Defendants, HPJPA, Jatin and Hardik, are jointly and severally liable to Plaintiff in an amount to be determined at trial but it believed to be no less than $80,000 plus costs, including legal fees, disbursements and interest.

## COUNT II
(Quantum Meruit against Jatin, Hardik and HPJPA)

23. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 thorough 22 of this Verified Complaint as if fully set forth herein.

24. Defendants Jatin, Hardik and HPJPA requested Plaintiff loan $80,000 so they can open up their business at the Business Premises.

25. Plaintiff duly and in good faith loaned the $80,000 to the Defendant, HPJPA, which was guaranteed by Jatin and Hardik.

**COUNT III**
(Unjust Enrichment against all Defendants)

26. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 thorough 25 of this Verified Complaint as if fully set forth herein.

27. Defendants Jatin, Hardik and HPJPA requested Plaintiff loan $80,000 so they can open up their business at the Business Premises.

28. Plaintiff duly and in good faith loaned the $80,000 to the Defendant, HPJPA, which was guaranteed by Jatin and Hardik.

29. Without objection, Defendants, Jatin, Hardik and HPJPA accepted Plaintiff's Loan.

30. Plaintiff expected to be repaid the Loan by the Defendants, Jatin, Hardik and HPJPA.

31. The Defendant Smoke Shop, upon information and belief, purchased the Business Assets from HPJPA without searching the UCC 1 Financing Statement that the Plaintiff filed against the Business Assets.

32. As s result of the Defendant, HPJPA's continued failure to pay the Loan to Plaintiff, all Defendants were enriched at Plaintiff's expense.

33. For the foregoing reasons, the Defendants are jointly and severally liable to Plaintiff in an amount to be determined at trial, but believed to be no less than $80,000 plus costs, legal fees, disbursements and interest.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

A. On Count One, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than $80,000 plus costs, including attorneys' fees, disbursements and interest;

B.  On Count Two, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than $80,000 plus costs, including attorneys' fees, disbursements and interest; and

C.  On Count Three, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than $80,000 plus costs, including attorneys' fees, disbursements and interest;

D.  Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: Nanuet, New York
       July 21, 2025

                                        CONDON PAXOS PLLC

                                        By: _____
                                            Brian K. Condon (BC 4683)
                                        55 Old Turnpike Road, Suite 502
                                        Nanuet, New York 10954
                                        Telephone: (845) 627-8500
                                        Fax: (845) 627-8507
                                        Brian@CondonPaxos.com

## **VERIFICATION**

STATE OF NEW YORK    )
                                       )ss.:
COUNTY OF ROCKLAND  )

**NARESH KUMAR**, being duly sworn deposes and says:

I am the Plaintiff in the above-captioned action. I have read the Verified Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be true.

_____
NARESH KUMAR

Sworn to before me this
\_\_\_ day of June, 2025

_____
        Notary Public