UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
NARESH KUMAR,

                Plaintiff,

    -against-                           **REPORT AND RECOMMENDATION**

JATIN BABULAL PRAJAPATI, HARDIK    25-CV-4027 (NGG) (TAM)
KUMAR PATEL, HPJPA REALTY, LLC,
and RIVER SMOKE SHOP,

                Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

On July 21, 2025, Plaintiff Naresh Kumar ("Plaintiff") filed a complaint against Defendants Jatin Babulal Prajapati ("Prajapati"), Hardik Kumar Patel ("Patel"), HPJPA Realty, LLC, and River Smoke Shop (collectively, "Defendants"), seeking damages for an alleged breach of contract related to an $80,000 loan.[1] Compl., ECF 1. Plaintiff failed to file proposed summons until August 7, 2025, and August 19, 2025, following an order from this Court.[2] *See* Aug. 4, 2025 ECF Order (directing Plaintiff to file proposed summons); Proposed Summons, ECF 5 (proposed summons as to Defendant Prajapati only); Proposed Summons, ECF 7 (proposed summons as to all Defendants). On August 8, 2025, the Clerk of Court issued summons for Defendant Prajapati, and on August 21,

---

[1] This case was initially assigned to the undersigned Magistrate Judge as the presiding judge under the E.D.N.Y. Direct Assignment program, governed by Administrative Order 2025-14. The Direct Assignment program requires the consent of all parties for the assigned Magistrate Judge to preside over the case for the purpose of dispositive orders, including dismissal under Rule 4(m). Given Plaintiff's failure to serve Defendants, on December 9, 2025, the Clerk of Court was directed to re-assign the case to a District Judge.

[2] Shortly after the Complaint was filed, the case was designated to participate in the Court's compulsory arbitration program. July 28, 2025 ECF Case Referral.

2025, did the same for all Defendants, following the filing of Plaintiff's revised proposed summons. *See* ECF 6 (issuing summons as to Defendant Prajapati); ECF 8 (issuing summons as to all Defendants). To date, despite multiple warnings, Plaintiff has not filed proof of service. Accordingly, the Court recommends dismissal without prejudice under Federal Rule of Civil Procedure 4(m).

> Federal Rule of Civil Procedure 4 provides, in pertinent part, that:
>
> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under Rule 4(m), Plaintiff was required to serve Defendants with the complaint and summons by October 19, 2025. However, since filing this lawsuit on July 21, 2025, Plaintiff has failed to file proper proof of service.

The Court has specifically directed Plaintiff to file proper proof of service three times after the 90-day service deadline passed. First, on October 20, 2025, the Court directed Plaintiff to file proof of service by November 3, 2025, and warned Plaintiff that failure to do so may result in dismissal under Rule 4(m). *See* Oct. 20, 2025 ECF Order. When Plaintiff failed to meet that deadline, on November 4, 2025, the Court again directed Plaintiff to file proof of service or a request for an extension of time to serve by November 18, 2025, and reiterated its warning about dismissal. *See* Nov. 4, 2025 ECF Order. Finally, when Plaintiff again failed to respond to this extended deadline, the Court issued a Final Order to Show Cause, warning that if Plaintiff did not file proof of service or a status report by December 8, 2025, the Court would recommend that the case be dismissed without prejudice under Rule 4(m). *See* Nov. 21, 2025 ECF Order. Plaintiff again failed to file proof of service by the deadline. *See generally* Docket.

For the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

* * * * *

This Report and Recommendation will be filed electronically. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Nicholas G. Garaufis at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
December 10, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE