UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NARESH KUMAR,

                    Plaintiff,

-against-

JATIN BABULAL PRAJAPATI, HARDIK KUMAR PATEL, HPJPA REALTY, LLC, and RIVER SMOKE SHOP,

                    Defendants.

**MEMORANDUM & ORDER**
25-CV-4027 (NGG) (TAM)

NICHOLAS G. GARAUFIS, United States District Judge.

On July 21, 2025, Plaintiff Naresh Kumar ("Plaintiff") instituted this action against Defendants Jatin Babulal Prajapati ("Jatin"), Hardik Kumar Patel ("Hardik"), HPJPA Realty, LLC ("HPJPA"), and River Smoke Shop (collectively, "Defendants"), alleging that Defendants failed to pay Plaintiff any part of the $80,000 he had loaned to Jatin, Hardik, and HPJPA in March 2024. (*See generally* Compl. (Dkt. 1).) Initially, the case was assigned to Magistrate Judge Taryn A. Merkl as the presiding judge under this District's Direct Assignment Pilot Program. (*See* Not. re Consent (Dkt. 2).) Three days later, the case was designated for compulsory arbitration under Local Civil Rule 83.7. (Order Referring Case to Arb. (Dkt. 4).)

Over the next six months, and despite multiple warnings from Magistrate Judge Merkl, Plaintiff repeatedly failed to file proof of service as required under Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"). (*See* Text Order Dated 10/20/2025; Text Order Dated 11/4/2025; Final Order to Show Cause Dated 11/21/2025.) Following Plaintiff's failure to serve Defendants, the Clerk of Court was directed to re-assign the case to a district judge. (Not. to Assign Dist. J. Dated 12/9/2025.) Consequently,

the case was re-assigned to the undersigned. (Order Reassigning Case Dated 12/9/2025.)

On December 10, 2025, the court referred the issue of whether this case should be dismissed under Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure to the assigned magistrate judge for a report and recommendation. (Order of Referral Dated 12/10/2025.) Magistrate Judge Merkl subsequently issued the annexed Report and Recommendation ("R&R"), recommending that this case be dismissed without prejudice pursuant to Rule 4(m), and that the case be closed. (R&R (Dkt. 9).) The court now ADOPTS the R&R in full.

I. STANDARD OF REVIEW

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections have been made, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order) ("[Where] a party receives clear notice of the consequences of not objecting to a report and recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error.").[1] Clear error is "found only when, upon review of the entire record, the [c]ourt is left with 'the definite and firm conviction that a mistake has been committed.'" *See United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180 (E.D.N.Y. 2025) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

## II. DISCUSSION

No party has objected to the R&R, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *Colvin*, 734 F. App'x at 758. (*See also* R&R at 3 ("Objections to this [R&R] must be filed . . . within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts.") (citations omitted).) Having found none, the court adopts the R&R in full.

In pertinent part, Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Given the Complaint was filed on July 21, 2025, Plaintiff was required to serve Defendants by October 19, 2025. *Id.*; *see also* Fed. R. Civ. P. 6(a) (providing method for computing time). To date, Plaintiff has failed to file proper proof of service despite receiving adequate notice.[2] Because Plaintiff has not shown good cause for his failure, the court must dismiss this action without prejudice. *See* Fed. R. Civ. P. 4(m).

---

[2] Indeed, Magistrate Judge Merkl specifically directed Plaintiff to file proper proof of service three times after the 90-day deadline had passed. (*See* Text Order Dated 10/20/2025; Text Order Dated 11/4/2025; Final Order to Show Cause Dated 11/21/2025.)

### III. CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in full. The case is therefore DISMISSED without prejudice for failure to comply with the service requirements of Rule 4(m). The Clerk of Court is respectfully DIRECTED to close the case.

SO ORDERED.

Dated:   Brooklyn, New York
        January 9, 2026

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
NARESH KUMAR,

                Plaintiff,

       -against-                                **REPORT AND RECOMMENDATION**

JATIN BABULAL PRAJAPATI, HARDIK     25-CV-4027 (NGG) (TAM)
KUMAR PATEL, HPJPA REALTY, LLC,
and RIVER SMOKE SHOP,

                Defendants.
------------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

      On July 21, 2025, Plaintiff Naresh Kumar ("Plaintiff") filed a complaint against Defendants Jatin Babulal Prajapati ("Prajapati"), Hardik Kumar Patel ("Patel"), HPJPA Realty, LLC, and River Smoke Shop (collectively, "Defendants"), seeking damages for an alleged breach of contract related to an $80,000 loan.[1] Compl., ECF 1. Plaintiff failed to file proposed summons until August 7, 2025, and August 19, 2025, following an order from this Court.[2] *See* Aug. 4, 2025 ECF Order (directing Plaintiff to file proposed summons); Proposed Summons, ECF 5 (proposed summons as to Defendant Prajapati only); Proposed Summons, ECF 7 (proposed summons as to all Defendants). On August 8, 2025, the Clerk of Court issued summons for Defendant Prajapati, and on August 21,

---

[1] This case was initially assigned to the undersigned Magistrate Judge as the presiding judge under the E.D.N.Y. Direct Assignment program, governed by Administrative Order 2025-14. The Direct Assignment program requires the consent of all parties for the assigned Magistrate Judge to preside over the case for the purpose of dispositive orders, including dismissal under Rule 4(m). Given Plaintiff's failure to serve Defendants, on December 9, 2025, the Clerk of Court was directed to re-assign the case to a District Judge.

[2] Shortly after the Complaint was filed, the case was designated to participate in the Court's compulsory arbitration program. July 28, 2025 ECF Case Referral.

2025, did the same for all Defendants, following the filing of Plaintiff's revised proposed summons. *See* ECF 6 (issuing summons as to Defendant Prajapati); ECF 8 (issuing summons as to all Defendants). To date, despite multiple warnings, Plaintiff has not filed proof of service. Accordingly, the Court recommends dismissal without prejudice under Federal Rule of Civil Procedure 4(m).

> Federal Rule of Civil Procedure 4 provides, in pertinent part, that:
>
> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under Rule 4(m), Plaintiff was required to serve Defendants with the complaint and summons by October 19, 2025. However, since filing this lawsuit on July 21, 2025, Plaintiff has failed to file proper proof of service.

The Court has specifically directed Plaintiff to file proper proof of service three times after the 90-day service deadline passed. First, on October 20, 2025, the Court directed Plaintiff to file proof of service by November 3, 2025, and warned Plaintiff that failure to do so may result in dismissal under Rule 4(m). *See* Oct. 20, 2025 ECF Order. When Plaintiff failed to meet that deadline, on November 4, 2025, the Court again directed Plaintiff to file proof of service or a request for an extension of time to serve by November 18, 2025, and reiterated its warning about dismissal. *See* Nov. 4, 2025 ECF Order. Finally, when Plaintiff again failed to respond to this extended deadline, the Court issued a Final Order to Show Cause, warning that if Plaintiff did not file proof of service or a status report by December 8, 2025, the Court would recommend that the case be dismissed without prejudice under Rule 4(m). *See* Nov. 21, 2025 ECF Order. Plaintiff again failed to file proof of service by the deadline. *See generally* Docket.

For the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

* * * * *

This Report and Recommendation will be filed electronically. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Nicholas G. Garaufis at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
December 10, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE